UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

SARAH DOE, a minor, by her parents and natural
guardians, MR. DOE & MRS. DOE.,

05-11698 RCL

Plaintiffs

**COMPLAINT**

vs.

HOPKINTON SCHOOL COMMITTEE,

MAGISTRATE JUDGE Bowler

Defendant

RECEIPT #
AMOUNT $ 250
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8/16/05

### I. PRELIMINARY STATEMENT

1. This action is brought by Sarah Doe and her parents, and seeks reasonable attorney's fees pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 794a and 42 U.S.C. § 1988.

### II. JURISDICTION

2. This Court has jurisdiction pursuant to 20 U.S.C. Section 1415(i)(3)(A) and pursuant to 29 U.S.C. §§ 794 and 794a.

### III. PARTIES

3. Plaintiff Sarah D. is a special needs student who resides with her parents in Hopkinton, Massachusetts (Middlesex County). Sarah D. is a citizen of the United States, and of the Commonwealth of Massachusetts. Plaintiff brings this action without publicly disclosing her actual name to protect himself against invasion of privacy. Her identity has been disclosed to the defendant in this action. Plaintiffs Mr. & Mrs. Doe are the natural parents and guardians of Sarah Doe.

Page 2

4.      Defendant Hopkinton School Committee is established under the laws of the Commonwealth of Massachusetts and is a body politic and corporate with the capacity to be sued with its principal place of business in Hopkinton, Massachusetts (Middlesex County). The Hopkinton School Committee receives federal funds from the United States Department of Education pursuant to the Individuals with Disabilities Education Act (IDEA), and is required to provide appropriate special education services and necessary accommodations under Section 504 of the Rehabilitation Act of 1973 to Sarah and other students with special needs and with disabilities residing in Hopkinton.

### IV. Count I

5.      From and after December 7, 2004, when plaintiff had a continuing need for appropriate accommodations to address learning issues arising from a disability, defendant Hopkinton School Committee was unwilling to provide the necessary accommodations in the form of a 504 Plan pursuant to the provisions of Section 504 of the Rehabilitation Act of 1973 and the implementing regulations.

6.      Defendant Hopkinton School Committee terminated Sarah's 504 Plan on or about December 7, 2004; Sarah's parents pursued an appeal of that termination of services and ultimately filed a complaint with the Bureau of Special Education Appeals ("BSEA") within the Massachusetts Department of Education.

7.      The BSEA Hearing Officer heard testimony and, after submission of post-hearing legal memoranda, a decision was rendered on July 19, 2005 in favor of Sarah Doe.

8.      The decision of the BSEA was in favor of plaintiff, finding that Sarah has a disability that requires accommodations, ruling that defendant had failed to provide a free appropriate public education to Sarah and requiring defendant Hopkinton School Committee to provide Sarah Doe with accommodations in the form of a 504 Plan.

9. Sarah Doe and her parents were prevailing parties in the administrative proceeding as they obtained the result that they sought - accommodations to be provided to Sarah pursuant to Section 504 of the Rehabilitation Act of 1973 to address her disabilities and to enable her to participate effectively in the educational program.

10. The Individuals with Disabilities Education Act provides, in 20 U.S.C.§1415(i)(3)(B)(i)(I), that "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability."

11. Plaintiff Sarah Doe is the prevailing party within the meaning of the Individuals with Disabilities Education Act.

12. Sarah Doe and her parents, Mr. & Mrs. Doe are entitled to an award to reasonable attorney's fees and costs.

### V. COUNT II

13. Plaintiff alleges and re-alleges all of the facts set forth above with the same force and effect as if set forth herein.

14. Plaintiff has at all times relevant to this action been a student with a disability who is eligible for a reasonable accommodation pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the implementing regulations.

15. Defendant Hopkinton School Committee is a recipient of federal funds and is subject to the provisions of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and the implementing regulations.

16. From June 2003 to December 7, 2004, defendant Hopkinton School Committee provided Sarah Doe with certain accommodations pursuant to the provisions of Section 504 of the Rehabilitation Act of 1973, which accommodations were set forth in a written "504 Plan."

Page 4

17. From and after December 7, 2004, defendant Hopkinton School Committee failed and refused to provide accommodations to Sarah Doe pursuant to Section 504, claiming that she was no longer eligible for such accommodations.

18. From and after December 7, 2004, defendant Hopkinton School Committee discriminated against Sarah Doe in violation of the provisions of the Rehabilitation Act of 1973 by failing and refusing to provide her with the reasonable accommodations to which she is entitled.

19. Sarah Doe and her parents obtained an Order from the Bureau of Special Education Appeals of the Massachusetts Department of Education dated July 19, 2005 declaring that Sarah is indeed eligible for accommodations pursuant to Section 504 and that defendant is obligated to provide her with such accommodations.

20. Sarah Doe and her parents were prevailing parties in the administrative hearing before the Bureau of Special Education Appeals of the Massachusetts Department of Education and are entitled to recover attorney's fees and costs pursuant to the provisions of 29 U.S.C. § 794a and other applicable statutes, including 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays that the Court grant for the following relief:

1. That this Court take jurisdiction of this matter;

2. That this Court award plaintiff's counsel reasonable attorney's fees and costs pursuant to the Individuals with Disabilities Education Act, the Rehabilitation Act of 1973, the provisions of 42 U.S.C. § 1988 and any other applicable statute.

3. That the plaintiffs be awarded interest on the judgment.

4. That the Court grant the plaintiffs such further relief as is just and proper.

Page 5

                                                  Respectfully submitted,
Sarah Doe,
By Her Attorney,

_____
Charles E. Vander Linden
Ciota, Starr & Vander Linden, LLP
625 Main Street
Fitchburg, MA 01420
978-345-6791
BBO 507600

DATED:      August 16, 2005

F:\cvl\Plunkett - 2005\Complaint - P - Federal Court.wpd

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sarah Doe, a minor, by her parents and natural guardians, Mr. Doe and Mrs. Doe

## DEFENDANTS
Hopkinton School Committee

(b) County of Residence of First Listed Plaintiff   **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) Chas. Vander Linden
Ciota, Starr & Vander Linden, LLP
625 Main St., Fitchburg, MA 01520  978-345-6791

Attorneys (If Known) Mary Joann Reedy
Murphy, Lamere & Murphy, PC
P. O. Box 859003, Braintree, MA 02185

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
20 U.S.C. § 1415;  29 U.S.C. § 794a
Brief description of cause:
Claims for attorney's fees and costs arising from education & civil rights case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/16/2005
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Sarah Doe, a minor, by her parents and natural guardians, Mr. Doe and Mrs. Doe v. Hopkinton School Committee

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.   195, 196, 368, 400, **440**, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.                for patent, trademark or copyright cases

   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

   IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ___   NO  X

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ___   NO  X

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ___   NO  X

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ___   NO  X

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES  X   NO ___

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division  X      Central Division ___      Western Division ___

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ___     Central Division ___      Western Division ___

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ___   NO ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Charles E. Vander Linden; Ciota, Starr & Vander Linden, LLP
ADDRESS          625 Main Street, Fitchburg, MA 01420
TELEPHONE NO.    (978) 345-6791

(CategoryForm.wpd - 5/2/05)